Good morning, Your Honors. May it please the Court, Counsel, my name is Sean Connelly. I represent Petitioner Appellant Louis Bailey from the Office of the State Appellant Defender. Mr. Bailey was convicted of first-degree murder after a jury trial and sentenced to an aggregate total of 55 years incarceration. His conviction and sentence were affirmed on direct appeal. He then filed a post-conviction petition which advanced to the second stage where it was eventually supplemented. The supplemental claim advanced to the third stage where it was denied after an evidentiary hearing. In this appeal we're raising two issues. The first issue addresses a claim dismissed at the second stage and alleges that Bailey made a substantial showing of a constitutional violation stemming from his trial counsel coercing him into not testifying at trial. The second issue involves the supplemental claim that was denied at the third stage. That one alleges that Bailey received unreasonable assistance of post-conviction counsel when post-conviction counsel raised what he called a due process claim related to an affidavit recanting the trial testimony of the state's star witness to Orlando McDonald, but failed to properly shape that claim into a legitimate due process pleading. My claim is to take those two issues in turn. Being coerced into not testifying at trial is a well-recognized constitutional violation that our Supreme Court has specifically held to be cognizable under the Post-Conviction Hearing Act. Mr. Bailey's petition made out that claim, and so the only real controversy should be whether the record affirmatively contradicts the claim so as to overcome the rule that we must take Mr. Bailey's affidavit supporting the claim as being true. In other words, if we do take Mr. Bailey's affidavit as being true, the claim should move on to the third stage. And I think it's worth pointing out, again, that this is a second-stage claim, meaning that presumably a judge has already resolved this question in Mr. Bailey's favor when it moved on from the first stage. In fact, the record does not contradict Mr. Bailey's claim because at no point did the trial court attempt to ascertain whether the And the State has not specifically argued that the record contradicts that claim. Instead, the State has cited the Fourth District's decision in the Freiburg case to argue that the fact that Bailey was admonished of his right to testify insulates the judgment from the claim that he was coerced into not testifying. And I have two responses to that position. The first is that Freiburg is an outlier, and our position is that it's not good law. It appears to be an exercise in policymaking that the admonishments in Freiburg appeared in dicta in that case. There was no citation to any authorities supporting the adoption of those admonishments. It appears to reflect a preference in the Fourth District to eliminate the viability of this claim in collateral proceedings. But even if this court chooses to follow Freiburg, in this case the judge did not comply with Freiburg. That case set out, by my count, six admonishments on specific matters, and that can be parsed in different ways. It's my research, anyway, that no cases have tried to parse those admonishments. But regardless of how you read the admonishments, the exchanges in this case covered two and a half, again, by my count of those six matters. And so ultimately, the trial court didn't follow Freiburg, and even under Freiburg, the claim should be advancing to the third stage. If you have no questions on that issue, moving on to the issue of counsel's performance on the McDonald claim, the very least an attorney is required to do under the Post-Conviction Hearing Act is fulfill the duties laid out in 651, Supreme Court Rule 651. One of those duties is to make any amendments to the pro se petition necessary to adequately present the petitioner's claims. And this duty to amend includes a duty to present the claims in an appropriate legal form. Under the Supreme Court cases interpreting that duty, including Turner and others, appropriate legal form is a term of art that describes a pleading standard. That standard requires at least three things for all claims that are brought before the post-conviction court. The first is the essential elements of the claims, any routine defenses to procedural bars on the claims, and evidentiary support for the claims. And I have to stress again, this is an affirmative duty on post-conviction counsel. And there's been some controversy on that recently. And the argument has been that the Supreme Court in the Greer case and the cases that followed Greer, such as Cooner, gave PC attorneys a procedure to remove themselves from frivolous claims, but did not obligate counsel to follow that procedure when faced with frivolous claims. But in fact, Greer did obligate PC counsel to meet those pleading standards. I'm sorry, to use that procedure when faced with frivolous claims. In that case, the post-conviction court granted PC counsel's motion to withdraw. My colleagues in OSAD's fourth district office argued that this deprived the petitioner of his statutory entitlement to counsel. The Supreme Court disagreed, citing the U.S. Supreme Court's decision in McCoy to find that PC counsel had an ethical obligation to avoid advancing frivolous claims. OSAD went further and argued that PC counsel could have fulfilled that obligation to avoid frivolous claims and also the obligations under 651 by filing, but not signing, an amended petition. That is, by advancing, but not endorsing the merits of a frivolous claim. The Supreme Court emphatically disagreed with that argument and said, no, that is an ethical violation. You cannot do that. Because the Supreme Court's been explicit that PC counsel can't advance a frivolous claim, it necessarily follows that PC counsel can't stand on a frivolous claim and that the pleading requirements in Turner and the other cases attach to all claims that PC counsel chooses to argue in front of the post-conviction court. In this case, if PC counsel did not plead the essential elements of a due process claim, the duties under Rule 651 have not been fulfilled and the Supreme Court cases require that the case be remanded. In fact, there was no clear theory articulated in this petition on this claim. And because there's no clear theory on the claim, the essential elements of whatever that theory might be have not been pled. Because those elements weren't pled, whatever they might be, and we can't know at this point what they would be, but because they haven't been pled, that means that that attorney provided unreasonable assistance and the claim should be remanded. And again, if your honors don't have any questions, we'd ask that this honorable court reverse the dismissal and the denial of these particular claims and remand for further proceedings. Thank you. MR. RONIN. Mr. Ronin. MR. RONIN. Thank you, Your Honor. MR. RONIN. Will you please report? MR. RONIN. Good morning, Your Honors, counsel. I'm Thomas Ronin on behalf of the people. I will be somewhat brief in my comments. I believe our brief has addressed most of these things. Regarding the first issue, coercion not to testify, the Freiburg case has been in a couple of other cases in the Second District, White, and I believe in Whiting, excuse me, another case of White, I believe, in the First District, while it has favorably considered with Freiburg. This court, unfortunately I cannot cite it, did use it in a, I don't know. MS. MCDOWELL. Sorry. MR. RONIN. I know. So as far as it not being good law, it has never been not, never been As far as Freiburg is concerned, we believe it is an appropriate case to cite and rely upon. As far as the, I'm not sure I understand the claim that we didn't say that the record was adequate. On page 8 of our brief we say, the record was made in this case and is sufficient to contradict defendant's claim regarding his right to testify. Perhaps I didn't use the word rebut or, but contradict is synonymous, so yes, we did assert that the record is adequate to rebut Mr. Bailey's claims. Also, the trial judge, actually the defense counsel, twice asked or made inquiries on two different days regarding Mr. Bailey's desire to testify. If she had, in fact, been threatening him not to testify, there's no reason for her to have brought it to the court's attention. Also, the trial judge then did tell him that it was his right to testify. And Mr. Bailey said it was his decision not to testify. And the trial judge asked if he had any questions, and Mr. Bailey said no. We believe that that is an adequate rebuttal of the claims that he was, of course, not to testify. Turning to the second issue, as set forth, I don't think that there's any way that, well, first, you did make a general due process claim. Second, the trial judge characterized at least at one point as a claim of actual innocence, and defense counsel or post-conviction counsel did not object to that. And the trial judge is presumed to know the law and follow the law and would know the elements of that. The testimony was presented by Mr. McDonald and then also rebutted by the detectives and other witnesses, clearly showed that his claim could not be supported under any theory. So on that, I'm not sure how you could possibly contend that we don't even know what theory would be advanced. Counsel hasn't suggested a particular theory. So also the trial judge specifically found Mr. McDonald's testimony to be incredible and not based on any fact. Therefore, nothing on a remand could be done to possibly shape this into any cognizant reform at this point. There's no other questions that we would respectfully request this court affirm. Thank you. Chairman, will you rebut? Just very briefly, Your Honors. On the first issue, with my apologies if I've misunderstood counsel's or misinterpreted counsel's argument, I stand by my position that the record does not, in fact, rebut Mr. Bailey's claim. And as I've laid out in the briefs, if the claim were true, if we accepted the state of argument that everything he said happened, actually happened, this is exactly what the record would look like. It's precisely what the record would look like. And there's ample reason for an attorney in that position who is, you know, with great respect to the attorney in this case, but an attorney who's trying to pressure someone into not testifying, I don't believe that that position would foreclose bringing that decision to the attention of the judge, in part because that decision has to be brought to the judge's attention at any rate. Does the trial counsel have an obligation to abstain from presenting perjured testimony? Can't a defense attorney say to a client, I don't believe, I can't put you on the stand. That is true, Your Honor. However, there are procedures in place to deal with that situation. Those procedures do not include violating the right, which belongs only to the defendant, to choose whether or not to testify. In other words, if- They do include counsel's right to withdraw from the case if the defendant insists on presenting the testimony. That is- Isn't that a fair construction of what happened here? Except the counsel did not withdraw from the case. These become sticky situations in terms of the ethics of what you're allowed to present to the judge. The case law is emphatic, though, that you're not allowed to make threats to the defendant, to coerce the defendant into not testifying. I would submit that the proper- Whatever the proper procedure is, and there's probably several different iterations of that, it's not what Mr. Bailey is contending happened. Okay. You should get it. You're welcome. On the second issue, just a quick word about the credibility matter. The fact is, yes, this claim did go to a third stage hearing. Credibility determinations were made, and the claim was denied on the basis of those determinations. However, the Supreme Court has told us that when there's been a violation of Rule 651, that is, when there has been unreasonable assistance of counsel in the post-conviction proceedings, and particularly with these pleading standards, it's inappropriate to speculate about what the proceedings would have looked like had counsel fulfilled those duties. And so would this claim to go back? I don't think that there's anything that would prevent the post-conviction judge from reevaluating those findings in light of a properly pled and a properly pled claim and the style of argument that would come out of those proper claims. So with that, again, unless there are any other questions, we'd ask that Your Honors reverse and remand. Thank you. Thank you, Professor, for your argument today. We'll take this matter under advisement. The grants are really written. This position is in a short period.